Milligan, J.,
delivered the opinion of the Court.
This was an appeal from the Chancery Court of Mahry County, upon an agreed state of facts submitted to that Court. It appears, John Lockridge died in the County of Maury, in the year 1840, having first made and published his last Will and testament, which was duly admitted in probate.
In his Will, there is the following devise': “I give and bequeath to my daughter, Anna ,E Cooper, the *417 tract of land which I purchased of the heirs of Dean, being the place on which she now lives, together with about five acres, contained within a straight line, beginning at the south-east corner of said tract, and running 38 degrees north, until it strikes the boundary of said tract, and the original boundary of said tract, containing about fifty-five acres, more or less; to be enjoyed by her during her natural life, and at her death, to go to the heirs of her body; and in case of a failure of heirs of her body, to go to my son and daughter.”
Anna Cooper is dead, leaving her husband and the defendants, her children, surviving her. Anna Cooper died in possession of the tract of land above described. The question submitted to the Court, is, as to the rights of W. H. Cooper in the land willed to his wife. Is he, by his marital rights, entitled as tenant .by the courtesy, to . a life estate in the lands devised ? The Chancellor held the . words “heirs of her body,” in the devise, to be words of purchase — that Anna Cooper, the wife, took only a life estate, and upon her death, her remainder interest limited over vested in her children. W. H. Cooper appealed.
We think the decree of the Chancellor, according to the well settled principles governing cases of this class, is erroneous. In the case of Polk et als. vs. Paris, 9 Ter., 208, this Court held, “whenever the ancestor, by deed, Will, or other writing, devises an estate or freehold, either legal or equitable, and in the same instrument there is a limitation by heirs of remainder— either with or without an intervening estate of the same legal or equitable character, to his heir, or heirs *418 of his body, as a class of persons to take in succession the limitation to the heirs, entitles the ancestor to the whole estate.”
The same principle was held in the case of Keys vs. Conner, 8 Hum., 624. The devise in this Will was to Anna Cooper for her life, and to the heirs of her body as a class of persons to take in succession. The words “heirs of the body” are to be construed as words of limitation; and the devisee, Anna Cooper, took an absolute entail in the lands devised, and having died, leaving issue of the marriage, the husband is entitled to a life estate in the lands as tenant by the courtesy.
The decree of the Chancellor will be reversed, and a decree entered in accordance with the principles settled in this opinion.